STATE, WILLIAM S. WORTHLEY, PROSECUTOR, v. JAMES STEEN, MAYOR OF THE BOROUGH OF EATONTOWN.

1. A city charter may be repealed by a special act of the legislature.
2. When an officer sets up in justification of his refusal to exercise the functions of his office, an act of the legislature abolishing the office, the constitutionality of such act will be considered by the court, and *mandamus* refused. If the officer had continued to exercise his office, the court would not, by *mandamus*, compel him to desist; the remedy would be by *quo warranto*.

On motion for *mandamus.*

Argued at June Term, 1881, before Justices DEPUE and VAN SYCKEL.

For the plaintiff, *C. Robbins.*

For the defendant, *James Steen, in pro. pers.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The borough of Eatontown was duly incorporated in accordance with the provisions of an act entitled "An act for the formation of borough governments," approved April 5th, 1878. *Pamph. L., p.* 403.

In 1881, the legislature passed an act supplementary to the act of 1878, providing "that the legal voters of any borough incorporated under the act to which this is a supplement, when the number of legal voters within the boundaries of said corporation does not exceed one hundred and fifty, may, at

any election hereafter being had, decide, by a majority of votes cast, whether or not said borough incorporation shall be continued or set aside."

It is admitted that there is no borough incorporated under the act of 1878, except the said borough of Eatontown, to which, by reason of the number of legal voters within its boundaries, the said supplemental act of 1881 applies.

It is also admitted that at an election held under said last-mentioned act, on the 27th of April, 1881, a majority of the votes was cast in favor of discontinuing the said borough government.

On the 4th of June, 1881, the relator applied to James Steen, who was mayor of said borough at the time said vote was taken, to receive a complaint against one Thomas Davis for violating a borough ordinance, and to issue his warrant for the arrest of said offender. The defendant refused to entertain said complaint, on the ground that his office as mayor had been abolished by the vote held under the act of 1881.

The relator denies the constitutionality of said act, and applies for a *mandamus* to require the defendant to receive and act upon said complaint.

The first proposition of the relator is that the act of 1881 is invalid under that provision of the state constitution which prohibits the passage of any private, local or special law regulating the internal affairs of towns and counties.

Assuming that this act is special and local, there is nothing in the constitution with which its enactment is in conflict.

The object and purpose of the adoption of this amendment in the constitution was to create uniformity in the law for the government of the municipal corporations of the state.

A law which extinguishes such corporations is not a law regulating their internal affairs. It produces no dissimilarity in city governments, and offends neither the letter nor spirit of the constitutional prohibition.

The legislative power is illegally exerted only when by a special law it attempts to control the internal affairs of political subdivisions of the state. The restoration of the territory

included within the borough to the political division from which it had been taken, subjects it again to the operation of the general laws which govern townships and counties. It produces no dissimilarity in the laws applicable to different localities, and gives rise to none of the evils which it was the design of the fundamental law to avert.

"The repeal of a charter does not regulate the internal affairs of a city; it extinguishes it, leaving no internal affairs to be regulated." *Tiger* v. *Morris Pleas,* 13 *Vroom* 631.

The relator, in the next place, insists that the supplemental act is void because it is an unlawful delegation of legislative power to the people of the borough.

It is unnecessary to discuss this proposition, because the act of 1878, under which the borough was erected, is subject to the same objection. If the relator is right in his contention in this respect, the borough has never had a legal existence, and the defendant, whose power is derived exclusively under this act, is without authority.

In the case presented here, an express act of legislation has extinguished the municipal corporation, and with it the office of mayor, and the mayor refuses longer to exercise the functions of the office. Under such circumstances a *mandamus* will not be ordered. If he had continued, notwithstanding the adverse legislation, to exercise his office, a *mandamus* would not be granted to compel him to desist. The remedy would be by *quo warranto.*

*Mandamus* is not a mode in which title to office can be tried.